## Staunton.

### JOHNSON V. ANDERSON ET ALS.

#### October 16, 1882.

1. JURISDICTION—*Final decrees—Subsequent proceedings.*—After final decree the court has no further jurisdiction; either of the subject matter or of the parties, and all subsequent decrees and orders, entered without notice to the parties, are void.

2. IDEM—*Statute of limitations—Case at bar.*—Against A, in Ohio, J obtained a final decree to foreclose a mortgage securing two notes, and received all of first and part of second note. Twelve years later, without notice to A, a decree was entered for balance of second note. In the interval, J filed his bill, in this State, to attach A's land for the balance. A answered that the cause of action arose July, 1868, and the suit was not brought within five years thereafter. J then filed his supplemental bill, exhibiting a transcript of and setting up the last Ohio decree as a defence against the plea of the statute of limitations. To this A demurred and plead *nul tiel record.*

HELD:

   The Ohio court having no jurisdiction of the cause when its last decree was entered, the decree is void, and the plea of *nul tiel record* must be sustained.

   2. The *lex fori* governs, and the limitation is five years from rise of cause of action. The action was barred when brought, and the original bill must be dismissed.

   3. The supplemental bill makes no valid defence against the plea of the statute of limitations. The transcript of the Ohio record referred to and filed with that bill, on demurrer, is considered as much a part thereof as if set out *in hæc verba.*

Appeal from decree of circuit court of Clarke county in suit of John B. Johnson against Thomas H. Anderson and others, to subject, by foreign attachment in chancery, land lying in said county and belonging to the defendant (then a non-resident of Virginia), in order to pay the balance on

two promissory notes, made by defendant to plaintiff, for $800 each, due July 1st, 1867, and July 1st, 1868, respectively, as the price of lots in Belmont, Ohio, and secured by mortgage. After decree of sale was rendered, but before sale was made, defendant appeared, and petitioned that the court rehear the cause and permit him to file his plea of the statute of limitations to the note filed with the bill. This the court refused. Defendant appealed. The appellate court reversed the decree of denial and remanded the cause. See *Anderson* v. *Johnson and others*, 32 Gratt. 558. Then the plaintiff filed his amended and supplemental bill essaying to make defence against the said plea. The other proceedings and facts are sufficiently stated in the opinion of this court, to which the plaintiff appealed from the decree of the circuit court dismissing both of the said bills.

*McDonald & Moore*, for the appellant.

1. It was error to sustain the demurrer and dismiss the amended and supplemental bill. *Smith's Ex'ors* v. *W. C. V. &c. R. Co.*, 33 Gratt. 620; *Belton* v. *Apperson*, 26 Gratt. 216 *et seq.;* Adams' Eq., 335–336; 3 Daniels' Ch. Pr., p. 1515, note 1; *Pleasants* v. *Logan*, 4 H. & M., p. 489.

2. It was error to give judgment for the defendant on his plea of the statute of limitations. The demurrer of plaintiff to defendant's plea of that statute should have been sustained. Adams' Eq. (Ed. 1873), p. 346, where it is stated "the object of an amended bill may be either to vary, or add to the case originally made, or *to meet the defence by new matter*." *Ibid*, top page 604, note on 671; 1 Rob. Pr. (new ed.), p. 623. That the Ohio judgment operates as a *merger* of the note; see Am. Leading Cases, p. 820. That the Ohio court had jurisdiction to render the decree set up in the amended bill; see Swann's Revised Statutes of Ohio (1854), p. 633, ch. 2, § 62. "The laws of other States will be judicially

taken notice of when necessary to determine the faith and credit due to their judgments." Am. Lead. Cases, *Mills* v. *Duryee*, p. 801; *Ib. Elmoyn* v. *Cohen*, p. 786; Story on Conflict of Laws, §§ 606–7–9; 2 Leigh, p. 172; Reporter, vol. 8, p. 185; *Lancaster* v. *Willson*, 27 Gratt., p. 628.

*S. J. C. Moore & Son,* for the appellees.

1. The record of the Ohio suit on its face shows that the Ohio court had no jurisdiction to render its last decree; which is therefore entitled to no weight in the courts of any other state. See *Mills* v. *Duryee*, 2 Am. Lead. Cases, (3d Ed. Hare & Wallace's Notes), pp. 720 *et seq.; Doe* v. *Oliver, Duchess of Kingston's case,* 2 Smith's L. Cases, pp. 842 and 843; Phil. on Ev. (6 Am. Ed.), pp. 253 and 254. This jurisdiction is put in issue by the plea of *nul tiel record.* 2 Am. L. Cases, p. 721.

2. The demurrer to the amended and supplemental bill should be sustained; first, because it sets up a new and independent cause of an action in which the original cause of action is merged. 2 Parsons on Contracts, p. 608; Chitty on Contracts, p. 874; 1 Rob. (new) Pr. 218. Second, because it makes no reply sufficient in law to the plea of the statute of limitations. The statutory bar is absolute. The matter replied to such a plea, must be something existing at the date of the institution of the suit. 1 Rob. (new) Pr. p. 582.

BURKS, J., delivered the opinion of the court.

The case is this: John B. Johnson filed his bill in the circuit court of Clarke county against Thomas H. Anderson, a non-resident of the State, to attach a tract of land as his to pay the balance alleged to be due on his promissory note. Anderson not appearing, a decree was pronounced

against him for the amount claimed, and the land attached was ordered to be sold to satisfy it. After this, Anderson repeatedly appeared in the cause, and by petition asked that the decree be reheard and that he be allowed to make his defence to the bill. The prayer of the petitions was denied, and from the decrees of denial, on appeal by him to this court, the decrees were reversed and the cause remanded. See *Anderson* v. *Johnson and others,* 32 Gratt. 558. When the case came back to the circuit court, and before Anderson again appeared, the complainant Johnson filed an amended and supplemental bill, in which he alleged that since the filing of the original bill he had obtained a personal decree against Anderson, in a suit in the court of common pleas of Belmont, in the State of Ohio, for the balance claimed on the note in his original bill; that the note was merged in the decree, and he relied on the decree as evidence of the debt claimed. He referred to and filed with the bill as an exhibit an authenticated transcript of the record of the proceedings in the Ohio suit. To this bill Anderson demurred, and also filed a plea of *nul tiel record.* He also filed an answer to the original bill, in which he pleaded the act of limitations as a bar to the demand on the note, and, while relying on the Ohio decree, if valid, as a merger of the cause of action on the note, yet denied its validity.

At the hearing of the cause, the court dismissed the supplemental bill on the demurrer, and the original bill on the plea of the act of limitations.

On appeal allowed Johnson from this decree, the three principal questions presented by the assignments of error are:

1. Whether the Ohio decree is valid.

2. If valid, is it a merger of the cause of action on the note?

3. If a merger, can it be relied on as such by the complainant in a supplemental bill?

The last two questions, of course, need not be considered if, on considering the first, it be determined that the decree is void.

The transcript of the Ohio record being specifically referred to in the supplemental bill and exhibited with it, is as much a part of the bill as if incorporated *in hæc verba,* and therefore on demurrer we may look to it to see whether the decree it presents is valid or not.

It appears by the statements of the bill, admitted by the demurrer to be true, that the note in question was one of two notes, each for the same amount, given for the purchase money of two lots of land bought by Anderson of Johnson and secured by mortgage on the lots, and that, default being made, Johnson instituted the proceedings (the transcript of which we have) to foreclose the mortgage.

The transcript shows a petition filed for the foreclosure, process to answer awarded, personal service on Anderson and return, order of sale, sale made (Johnson being the purchaser), report of sale returned and confirmed, conveyance to the purchaser ordered and costs paid. All of these proceedings thus far appear to be regular, and their validity is not questioned. The last decree, so far as the proceedings have been noticed, was rendered on the 22d day of June, 1868. Twelve years afterwards—to-wit: on the 3d day of July, 1880—another decree was rendered, by which a portion of the purchase money under the sale previously made was applied to the extinction of the first note and the residue credited on the second (the note in controversy in this suit), leaving a balance due on the latter, which Anderson was adjudged to pay.

This is the decree relied on by the appellant; and we we are of opinion that it is void because the court had no jurisdiction to render it. The decree of June 22, 1868, was

a final decree. It confirmed the sale to Johnson and ordered the land to be conveyed to him. He had paid up all the costs of the suit, and the whole of the purchase money in his hands belonged to him. It would have been idle to require him first to pay the money into court, and then order it to be paid back to him. As to the application of the purchase money to the notes, no order was necessary. The law applied it. The exact amount of the money for the purchase and of that due by the notes appeared by the record. There could be no mistake about either the amount or as to the application of the money. It is true, the court in that decree, as it did in the decree of July, 1880, might have formally applied the money and ordered payment of the balance due on the last note, but it did not. It had evidently given all the relief in the cause contemplated. The cause was ended and the court could proceed no further. It had no further jurisdiction in that proceeding, either of the subject matter or of the parties. It would seem that the decree of July, 1880, was rendered in the absence of the defendant upon the mere motion of the plaintiff by his attorney, and without notice to any body. The original cause being ended, the proceeding was a new one against the defendant, and, being had without notice, the personal decree against him is a nullity and would be so treated, we presume, everywhere. It was not applied for until after the lapse of twelve years from the final disposition of the cause in which it purports to have been rendered, and not until after this court, on Anderson's appeal, had reversed the decrees below and remanded the cause so as to let in Anderson's defence. The circumstances tend strongly to show that it was fraudulently procured to meet the exigences of this case. At any rate, it is a void decree, and the supplemental bill seeking to set it up was properly dismissed on demurrer.

It results that the original bill was also properly dismissed, the act of limitations pleaded being a bar to recovery on the note. Right of action accrued July 1, 1868. Suit was brought May 24, 1875. As the *lex fori* governs in such cases, the Virginia statute applies. By it the limitation is five years.

The decree of the circuit court will be affirmed.

DECREE AFFIRMED.