# WHEELING.

## GRINNAN *v.* LONG *et als.*

Submitted June 26, 1882—Decided November 24, 1883.

(*WOODS, JUDGE, Absent.)

1. Where a trustee filed his bill setting out that he had in his posession a trust-fund, and praying that his trustee-accounts might be settled, and the fund distributed, and the commissioner ascertained the amount of the trust-fund in the trustee's hands, and the court at the instance of the creditors issued a rule against the trustee to show cause why the fund should not be paid into court, and the trustee in his answer to the rule failed to show cause, the court properly made an order requiring the trustee to pay into court the amount of the trust-fund so ascertained to be in his hands.   (p. 696.)

*Cause submitted before Judge W. was appointed.

2 Such an order in such a case is proper, although it may not appear
   that the trustee had abused his trust, or that the fund was in
   danger by the insolvency of the trustee. (p. 697.)

3. Before such an order is made to require money in the hands of a
   trustee to be paid into court, the trustee should be summoned
   to appear and show cause why the money should not be paid
   into court. (p. 698.)

JOHNSON, PRESIDENT, furnishes the following statement of
the case:

The plaintiff Grinnan, a resident of Virginia, having a large
trust-fund in his hands, filed in Greenbrier circuit court his bill,
in the nature of a cross-bill in the cause of *Chewning* v. *Cowan,*
for the proper distribution of the said trust-fund. In his bill
he alleges: "It is proper, that this bill and the said cause of
*Chewning* v. *Cowan* should hereafter be heard together, or
that this bill ought to be heard as a cross-bill in that case;
that this court ought to take jurisdiction of the whole trust-
fund and distribute the same among the parties entitled
thereto, according to their respective rights; that inasmuch
as the trust-estate is inadequate to pay all the debts charged
upon it, and these debts are unascertained, and can only be
ascertained by the aid of a court of chancery, and this court
has to ascertain these creditors, the amounts of their respec-
tive debts, their priorities the amount of the trust-estate,
what has been paid out and to whom, in order to enable it
to know how and to whom to distribute the fund under its
jurisdiction and control, it is eminently proper that it, sitting
as a court of chancery, should distribute this entire trust-
fund, as the trustee, though a resident of another State, vol-
untarily submits himself to the jurisdiction of this court, &c."
In the prayer of the bill the plaintiff prays, "that the court
may take charge of the whole trust-estate, and distribute the
same among the parties thereto entitled according to their
respective rights; that the court may ascertain the amount of
the said trust-estate, what has been paid out and to whom;
that the accounts of your orator as trustee aforesaid may be
settled, that the settlement of his accounts as trustee, hereto-
fore made in the case of *Chewning* v. *Cowan et al.,* may be re-
ferred to a master commissioner of the court with leave to

any party interested to file exceptions thereto and take evidence in reference to the same and to be reconsidered and reformed as may appear to be proper * * that the said estate may be distributed according to the rights of the parties entitled to it, &c."

On the 5th day of April, 1880, the cause was recommitted to Commissioner Preston, who on the 23d of October, 1880, filed his report, by which it appears, that the amount of the trust-fund in the hands of A. G. Grinnan, trustee, was twenty-one thousand and thirteen dollars and twenty-four cents. The plaintiff, A. G. Grinnan, by his counsel excepted to this report for several reasons, but *not* because the amount found against him was too large. By the same decree of April 5, 1880, it appears " upon motion of John L. Marye in behalf of the creditors, who filed his affidavit in support of his motion, it is adjudged, ordered and decreed, that the plaintiff, Grinnan, be summoned to appear before the court on the first day of the next term to show cause if any he can, why the trust-fund found to be in his hands by the said report of Commissioner Preston shall not be paid into court," &c.

A. G. Grinnan filed his answer to said rule, the principal part of which is a denial and explanation of matters stated in the affidavit of J. L. Marye. He does not controvert the truth of the finding of the commissioner, that the twenty-one thousand and thirteen dollars and twenty-four cents of said trust-fund was in his hands. He does not pretend, that the money has been loaned out on time, so that he cannot immediately pay it into court. There were exceptions filed to the affidavits of Marye and Chewning, but in the view we take of the case it is not necessary to notice said exceptions.

On the 10th day of November, 1880, the cause was heard on former papers, answer of Grinnan to the rule, &c., and among other things the court said: " And it appearing to the court by the report of Commissioner Preston, that there are in the hands of Andrew G. Grinnan, trustee, twenty-one thousand and thirteen dollars and twenty-four cents ($21,-013.24) belonging to said trust-fund, the court doth adjudge, order and decree, that said exceptions to the affidavits aforesaid be overruled, and that said A. G. Grinnan shall within

sixty days from the date of this decree pay over to Alexander F. Mathews, receiver of this court, the said money," &c.

From this decree, said Grinnan appealed.

*R. F. Dennis, Samuel Price* and *John A. Preston* for appellant.

*John W. Harris* for appellees.

JOHNSON, PRESIDENT:

There is really but one question presented in this appeal, if it will lie, and that is: Did the court under the circumstances err in requiring the trust-fund to be paid into court? It is insisted by counsel for appellees, that an appeal will not lie to the order of the court requiring the money to be paid into court; that the decree did not "require money to be paid or the possession of property to be changed" within the meaning of the statute.

This decree required A. G. Grinnan to pay twenty-one thousand and thirteen dollars and twenty-four cents into court. If he did not do it, an execution might issue against him. If such an order is not appealable, what redress would a trustee have, where he had been ordered, it may be, to pay into court thousands of dollars not in his hands, and for which he is not liable? It might be, that a trustee under the terms of his trust had loaned the trust-fund on long time, and if notwithstanding this fact a court of equity should order him to pay the money into court, it would be strange indeed, if he had no redress. We think the order was appealable.

Did the court err under the circumstances in directing the payment of the fund into court? This is not the case of the removal of a trustee, and therefore the authorities cited by counsel for appellant have no application. It appears to have been formerly thought necessary for the plaintiff to show in support of an application to have money paid into court by a trustee, that the trustee had abused his trust, or that the fund was in danger from his insolvent circumstances; but now the court will generally order so much of the trust-fund, as the trustee admits to be in his hands, to be paid into court,

whether he has abused his trust or not, and without requiring proof of any danger to the property pending the litigation. Daniel Ch. Pl. & Pr. 1771–2; *McKim* v. *Thompson*, 1 Bland Ch. 156; *Clarkson* v. *Depeyster*, 1 Hopk. 274; *Strange* v. *Harris*, 3 Bro. C. R. 365; *Blake* v. *Blake*, 2 Sch. & Lef. 26; *Hall* v. *Hall*, 2 McCord Ch. 269; *Hosack* v. *Rogers*, 6 Paige 415.

In *McKim* v. *Thompson*, 1 Bland, it was held, that "to obtain an order upon a defendant to bring money into court before the final hearing, it must appear, that he, who asks for such an order, has an interest in the money proposed to be called in; and that he, who has it in his hands, has no equitable right to it, and the facts, from which this appears, must be found in the case as it then stands, either admitted or so established as to be open to no further controversy at any subsequent stage of the proceedings."

In *Clarkson* v. *Depeyster*, 1 Hopk., it was held, that "where a sum is reported due from a defendant, and he acquiesces in the report, but the cause is delayed by other questions, the court will sometimes order the reported sum to be paid into court."

In *Strange* v. *Harris*, 3 Bro. C. R., it was said by the Lord Chancellor: "The court will now immediately upon coming in of defendant's answer order so much as he admits to have in his hands of the testator's property to be paid into the bank. It was formerly thought necessary for the plaintiff to show that the executor had abused his trust or that the fund was in danger from the insolvent circumstances of the executor."

In *Blake* v. *Blake*, 2 Sch. & Lef. 26, the Lord Chancellor said: "Certainly the old law was as stated at the bar, but modern decisions are different; and it cannot be doubted, that the alteration was very much for the benefit of all parties. Wherever there are no debts, or the debts are all paid, and no purpose for which it should be left outstanding, the present practice is to have the money lodged in court. When there, it is always ready for those entitled to it when the time comes for paying it to them." The case before us differs materially from any we have seen. Here the appellant filed his cross-bill, alleging that he had in his possession the trust-fund, which he prayed the court to distribute when his ac-

count, in accordance with the prayer of his bill is settled by a commissioner of the court, and it is ascertained by the report what the amount of the fund is, in which amount he acquieces by failing to except to the report on the ground that the amount is incorrect, and a rule is awarded against him to show cause at the next term of the court, why he should not pay the fund into court; he answers the rule and in his answer fails entirely to show any just reason why the fund should not be so paid in, so that the court could do the very thing, which he prayed in his bill might be done, that is, distribute the fund. In such a case of course the order requiring the fund to be paid into court was proper. It was proper to award the rule even in a case like this, to give the trustee an opportunity to show, if he could, any good reason why he should not then be required to pay the fund into court. It is assigned as error, that the amount required to be paid in was ninety dollars and eighty-two cents more than was found in the trustee's hands by the commissioner. This is true; the amount was taken from a former report. This was a clerical error, and will be here corrected, and the decree thus corrected is affirmed.

Judges Green and Snyder Concurred.

Affirmed.