# WHEELING.

## LAIDLEY v. JASPER.

### Decided June 13, 1901.

1. JUDICIAL SALE—*Notice of—Presumed.*
   When a report of a judicial sale states that the sale was made "after advertising the sale in the manner and for the time required by the said order," it will be taken that the publication and posting of notice of sale required by the court's order were made, unless the contrary appear. (p. 527).

2. SCIRE FACIAS—*Revival of Case.*
   If a *scire facias* to revive a cause is returnable to one term of court, revival is not confined to that term, but may be entered at a subsequent term. (p. 527).

3. DEATH OF PARTY—*Abatement—Revivor.*
   If a party die after verdict the fact does not abate the suit or call for revival. (p. 528).

Appeal from Circuit Court, Cabell County.

Action by John B. Laidley against Jackson Jasper. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

SIMMS & ENSLOW, for plaintiff in error.

L. D. ISBELL, for defendant in error.

BRANNON, PRESIDENT:

John B. Laidley in an action of ejectment in the circuit court

of Cabell County recovered against Jackson Jasper and James
Jasper a verdict for a lot of land in the city of Huntington. The
defendant made claim for improvements, and the jury fixed the
value of the improvements at one thousand five hundred dollars,
and the value of the lot without the improvements at four hun-
dred and fifty dollars; whereupon, under chapter 91 of the Code,
Laidley elected to relinquish his title to the lot to the defendants
and to take the money fixed as the value of the lot, and the de-
fendants failing to pay that money, judgment was entered under
said statute for the sale of the lot, and the lot was sold by a
commissioner. James M. Jasper filed exceptions to the sale, and
the court having confirmed it, he took this writ of error.

One exception to the sale is, that notice of it was not properly
published and posted; but the notice and its publication in a
newspaper appear to be adequate, and as to posting, the sale re-
port certifies that the sale was made "after advertising said land
for the time and in the manner required by said order," which
we must take as true until evidence of its untruth is shown.

A second objection is that a *scire facias* to revive the case
against the heir of Jackson Jasper, who died pending the suit,
was returnable at one term of court, and the revival was made at
another. That is no matter. The *scire facias* being process issu-
ing out of court, and not the individual act of the party, the re-
vival could be made at any time, and was not confined to the day
of its return. *State* v. *Campbell*, 42 W. Va. 247. As to the claim
that the revival was made at a special term, not regularly called,
it is apparently waived, and is untenable, as there is no evidence
to show the irregularity, and we presume that the term was regu-
larly called. *State* v. *Winans*, 22 W. Va. 678.

The third exception to the sale was that Isbell, the purchaser,
at the date of sale was a defendant in a suit in equity in the
United States circuit court of *Collis P. Huntington* v. *John B.
Laidley* and others, in which an injunction was in force at the
date of the sale restraining Laidley from prosecuting the eject-
ment, and that the case had gone to the Supreme Court of the
United States, and was still there pending. It does not appear
by record what was the matter involved in the Huntington suit,
or that the injunction operated upon this ejectment or this
property, or that Isbell or Jasper was a party. We are asked to
look at the case as reported in 176 U. S. 668. That is not a part
of this record to show facts in this case. Even if it were, we

cannot there find legally the necessary facts to say that the injunction tied up this case. An injunction awarded by a Federal court against a suit in a state court is contrary to U. S. Revised Statutes, s. 720, and void. This is conceded by the opinion in the Supreme Court in the report referred to at page 678. Being void, the injunction could be lawfully disregarded. *Ruhl* v. *Ruhl,* 24 W. Va. 279; *Hebb* v. *County Court,* 48 *Id.* 279, (37 S. E. 676). Still, I am not prepared to say that upon the question of confirmation of a sale made while such an injunction is pending, it would not be ground for refusing confirmation by reason of its deterring bidders, promoting sacrifice and casting cloud over title.

Another exception to the sale is inadequacy of price. The jury valued the property at one thousand nine hundred and fifty dollars. This is all that appears as to value. The property may have somehow depreciated. No advance or upset bid was offered or guaranteed by Jasper. A property is worth what it brings. A court must see clearly a gross inadequacy, and a sale will not generally be set aside unless a guaranty of a better price be made. Hogg's Equity 405.

Another error assigned is that the plaintiff had died. His death was after verdict, after the judgment that the defendants pay him money in lieu of judgment for possession, and after the order of sale. Nothing remained to be done but to sell. Death of a plaintiff after verdict does not cause abatement or demand revival. 5 Ency. Pl. & Prac. 798; Code, chapter 127, section 1. Therefore we affirm the several orders and judgment complained of.

*Affirmed.*