# CHARLESTON.

## DAVIDSON v. KUNST, ADMR., ETC.

### Submitted September 11, 1912. Decided February 25, 1913.

1.  ABATEMENT AND REVIVAL—*Death of Party—Scire Facias to Revive Actions.*

    Where the parties are the same and it does not appear that there was any other suit pending between them, and there is nothing in the record showing surprise or prejudice, the misdescription of the action in a writ of *scire facias* to revive the suit against an administrator, as one in debt instead of *assumpsit,* is immaterial. (p. 118).

2.  SAME.

    Though three terms of court have passed without notice being taken on the record of a writ of *scire facias* to revive a cause, revival not being limited or confined to the particular term to which the writ is returnable, it may be entered at a subsequent

term, and the court does not lose jurisdiction to proceed according to the writ.  (p. 118).

3.    SAME—*Revival of Action—Setting Aside Judgment.*

If after waiting for more than a year after service of a writ of *scire facias*, plaintiff, in the absence of defendant, has the case revived, a jury immediately called, and judgment entered, the court on motion of the new party at the same term should set aside the verdict and judgment and continue the case.  The right to such continuance given by section 4, chapter 127, Code 1906, is absolute.  (p. 119).

4.    EXECUTORS AND ADMINISTRATORS—*Actions—Judgment.*

A judgment against an administrator for a debt of his decedent should run *de bonis testatoris*, not *de bonis propriis.*  (p. 119).

(ROBINSON, JUDGE, absent).

Error to Circuit Court, Taylor County.

Action by William J. Davidson against G. H. A. Kunst, administrator of the estate of Adolphus Armstrong.  Judgment for plaintiff, and defendant brings error.

*Reversed and New Trial Awarded.*

*John L. Hechmer,* for plaintiff in error.

*Warder & Robinson,* for defendant in error.

MILLER, JUDGE:

Pending an action of *assumpsit,* originally begun against Means, sheriff and as such curator of the estate of Adolphus Armstrong, deceased, and after he had pleaded the general issue, Kunst was appointed administrator.  This fact being suggested on the record, and that the powers of Means, curator, had thereby ceased, an attempt was made to revive the action against Kunst, administrator, by mere motion, which by sections 4 and 6, chapter 127, Code 1906, is not the proper procedure.  Afterwards, in November, 1909, a writ of *scire facias* was awarded against Kunst, administrator, erroneously describing the suit as one in debt in place of *assumpsit,* commanding him to be before the court at the first day of the next term, to show cause, if any he could, why the suit should not proceed to final judgment in his name.  This writ was served on Kunst, November 22. 1909, but no note of it was made on the record, and nothing was done

in the case until January 30, 1911, more than a year after the writ was issued and served on Kunst. On that day in an action styled *William J. Davidson* vs. *G. H. A. Kunst,* administrator of the estate of Adolphus Armstrong, deceased, in *assumpsit,* the following order, omitting names of jurors, was entered: "This day came the plaintiff by his attorneys, and the *scire facias* heretofore issued in this cause against G. H. A. Kunst, Administator of the estate of Adolphus Armstrong, deceased, having been returned executed it is ordered that this suit proceed according to said *scire facias* and thereupon came a jury, to-wit: * * * * who were duly elected, tried and sworn to well and truly try the issue joined, and having heard the plaintiff's evidence were sent to their room to consider of their verdict and after some time return into court and say: 'We the jury find judgment for the plaintiff for $733.75, to date, Elmer Utterback, Foreman.' It is therefore considered by the Court that the plaintiff, William J. Davidson do recover of and from the said defendant, G. H. A. Kunst, Administrator of the estate of Adolphus Armstrong, deceased, the said sum of $733.75 with legal interest thereon from this date until paid, and his costs about the prosecution of his suit in this behalf expended."

On the following day, January 31, 1911, Kunst, administrator, appeared, craved *oyer* of the writ of *scire facias,* which being read to him, he moved the court to set aside the order directing this suit to proceed according to the *scire facias,* to set aside the judgment against him, and to continue the case, which motion the court overruled, and he excepted.

The first point of error calling for consideration is that the *scire facias* summoned defendant in an action in debt, while the action revived against him is in *assumpsit.* Inasmuch as the parties are the same and it does not appear that there was any other suit pending between them, we do not regard the misdescription of the action in the writ material. There is nothing in the record showing surprise or prejudice on this account.

The next point is that three terms of court had passed without any notice being taken of the writ, and thereby the court had lost jurisdiction to proceed according to the writ. A judicial writ does not, like a notice by a party out of court, lapse if not noted on the record on the return day. And with respect

to a writ of *scire facias* to revive a cause, it has been distinctly decided that revival is not limited or confined to the particular term to which the writ is made returnable; it may be entered at a subsequent term. *Laidley* v. *Jasper,* 49 W. Va. 526, 39 S. E. 169. So this point is without merit.

Next, it is said it was error to overrule defendant's motion to continue. Evidently defendant was taken by surprise. Immediately on noting the return of the *scire facias,* and reviving the case, and in the absence of defendant, a jury was called, the case tried on the pleadings previously entered by Means, curator, verdict rendered, and judgment *de bonis propriis,* instead of *de bonis testatoris* pronounced against defendant. Section 4, chapter 127, Code 1906, relating to revival of an action, provides that "Any such new party (except in an appellate court) may have a continuance of the case at the term at which such order is entered; and the court may allow him to plead anew or amend the pleadings as far as it deems reasonable; but in other respects the case shall proceed to final judgment or decree for or against him, in like manner as if the case had been pending for or against him before such *scire facias* or motion." The right to a continuance given by this statute we think absolute. This right relates to the term at which the order of revival is entered. After waiting for more than a year after service of the writ, and in the absence of defendant, plaintiff suddenly seized with the notion, had the case revived, a jury called, and snap judgment entered. The court erred in refusing to set aside the verdict and judgment and to continue the case. It is said defendant should have made his motion before verdict and judgment; but he was not present. He did know that at the term at which any order reviving the case against him might be entered he would be entitled to a continuance, and to file new pleadings if desired. This right he could waive, by appearance or plea, but the court could not deprive him of this right by proceeding in his absence.

The judgment against defendant should have run *de bonis testatoris.* This error, if no other intervened, could be corrected here, and the judgment affirmed, but other errors requiring it, the judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed and New Trial Awarded.*