CRITTENDEN INVESTMENT CO. v. WHITMAN.

## Opinion delivered June 25, 1917.

JUDICIAL SALES—REPORT OF COMMISSIONER—FINALITY.—The report of the commissioner in chancery, concerning a sale of lands by him as commissioner, *held, prima facie* correct, and to furnish a sufficient basis for the confirmation of the sale, and also is *prima facie* proof of a redemption within the statutory period.

Appeal from Mississippi Chancery Court, Osceola District; *Chas. D. Frierson,* Chancellor; affirmed.

*L. P. Berry,* for appellant.

1.   The lands were not redeemed within the time allowed by law.   If Act 262, Acts 1909, applies the time for redemption had expired, but if the Act 1915, passed eighty-four days after the sale applies the redemption is in time.   The last act is not retroactive, and does not apply to sales prior to its passage.   It can not affect vested rights.   86 Ark. 255; 8 Cyc. 940, note 56.

The right to redeem depends on the statute in force at the time of sale.   51 Ark. 453; 99 *Id.* 324; 105 Ark. 40.

*J. T. Coston,* for appellee.

1.   The land was redeemed within the year.   The report of the commissioner shows it.   The law presumes the commissioner did his duty and that the redemption money was paid within the year.   96 Ark. 477; 19 Md. 375; 60 Tenn. (1 Baxter) 410.

2.   The so-called receipt is no part of the evidence and should not have been admitted as part of the transcript.   114 Ark. 184; 127 Ark. 274.

### STATEMENT BY THE COURT.

The board of directors of the St. Francis Levee District instituted an action in the chancery court against Jessie Murray et al., and certain lands in Mississippi County to foreclose the lien of the levee district for the unpaid levee taxes for the year 1913.

At the September term, 1914, of the chancery court a decree was entered for the amount of the unpaid levee

taxes and the amount due upon each tract was set opposite a particular description of the tract of land. The decree provided that if the judgment for the taxes be not paid that the lands be sold in payment therefor. The clerk of the court, under our statutes, is *ex-officio* commissioner in chancery and was appointed by the court to make the sale.

The lands involved in this suit were embraced in the decree and are described as follows:

The east half of northeast quarter, section 33, township 10 north, range 8 east, and the northeast quarter of section 33, township 11 north, range 8 east, all in Mississippi County, Arkansas.

At the February, 1915, term of the chancery court the commissioner filed a report showing that the lands embraced in this action and which were particularly described in the report had been sold after having been advertised as directed in the decree and that the Crittenden Investment Company became the purchaser thereof. The court made an order directing that the cause be continued for the expiration of the right of redemption.

At the September, 1916, term of the chancery court the commissioner filed his report as follows:

"Your subscriber respectfully reports that in pursuance of the directions and authority contained in the decretal order made and rendered by this Honorable Court at its September term, 1914, in the cause therein pending wherein the Board of Directors of St. Francis Levee District is the plaintiff and Jessie Murray *et al.* and certain lands were the defendants, he did on the 17th day of November, 1914, after due advertisement in the manner and for the length of time as prescribed by law, in the Osceola Times, a newspaper published in the Osceola district of said county and State aforesaid, offer for sale to the highest bidder, for cash, at the front door of the courthouse in the city of Osceola, Arkansas, the lands described in the above-mentioned decree for the levee taxes for the year 1913, report of which sale has been filed and approved by this Honorable Court, and this re-

port is final thereto. *The following list of lands were re-deemed after and within one year from the day of the sale:*

| Description | S. T. R. | Date Redemption |
|---|---|---|
| NE¼ | 33 11 8 | .................. |
| E½ NE¼ | 33 10 8 | 2/5/16 |

All of which is respectfully submitted.

M. A. Potts,
Commissioner in Chancery.''

At the same term of the court, the Crittenden Investment Company filed exceptions to the report and in its exceptions stated that it had become the purchaser of the lands at the commissioner's sale thereof for the sum of $29.29, and said land had not been redeemed within one year from the date of sale. The exceptions were duly verified by one of the attorneys of the company. The exceptions were overruled by the court and the Crittenden Investment Company has appealed.

HART, J., (after stating the facts). There appears in the transcript what purports to be a redemption certificate showing the date of redemption of one of the tracts of land in controversy in this case and on another page what purports to be a list of lands returned delinquent by the St. Francis Levee District. The lands in question are particularly described in those papers. In response to a petition for *certiorari* by appellees, the clerk certified that these pages of the transcript were not properly a part of the record on this appeal. There is nothing in the record tending to contradict the certificate of the clerk and it will be taken as correct.

It appears from the decree itself that the exceptions were heard on the original complaint and decree, proof of publication, the report of sale, and the exceptions thereto by the Crittenden Investment Company. The report of sale states that the lands in question were redeemed within one year from the day of sale. This report was made by the clerk of the court, who under our statute is *ex-officio* commissioner in chancery. Acts of 1903, page 323.

The commissioner made his report of sale in the discharge of an official duty as directed by the decree of sale. The Crittenden Investment Company, being the purchaser at the sale, made itself a party to the action for all purposes connected with the sale. It filed exceptions to the report of the commissioner, but no proof was offered in support of its exceptions. The report of the commissioner was *prima facie* correct and furnished sufficient basis for the confirmation of the sale. 24 Cyc. 33; *Childress* v. *Harrison,* 1 Baxter (Tenn.) 410; *Wigginton* v. *Nehan* (Court of Appeals of Kentucky), 76 S. W. 196; *Oliphant* v. *Burns* (Court of Appeals of New York), 40 N. E. 980; *Laidley* v. *Jasper,* 49 W. Va. 526, 39 S. E. 169, and *Bolgiano* v. *Cooke,* 19 Md. 375.

There is contained in the report opposite the description of one of the tracts the figures "2/5/16." It is contended that these figures indicate that the land was redeemed on February 5, 1916, which was more than a year after the day of sale. It is true figures are sometimes used to indicate the day of the month and the year on which transactions occurred, but we do not think that these figures should be sufficient to overcome the positive statement of the commissioner that the lands were redeemed within one year from the day of sale. It must be remembered that both the figures and the statement that the lands had been redeemed within one year from the day of sale were made by the commissioner in an official report to the court and the figures used are not sufficient proof to overcome the positive words used in the report that the lands had been redeemed within one year from the day of sale.

It is also sought to uphold the decree on the ground that the period of redemption was extended to five years by Act 43 of the Acts of 1915. See Acts of 1915, page 123. On the other hand, it is contended by the counsel for appellant that the sale having been made before the passage of this act that it did not apply. The views we have expressed make it unnecessary to decide this question.

It follows that the decree will be affirmed.