414

## CIRCUIT COURT OF ROCKINGHAM COUNTY

Gretchen Anne Hazard Reynolds

v.

Charles Wilson Reynolds, Jr.

December 13, 2002

Case No. CH00-17823

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court on Defendant's Motion to Dismiss or Defer and Plea of the Statute of Limitations and Plaintiff's Response thereto. The facts as pleaded by the Plaintiff are set out below.

*Facts*

On March 11, 1979, in Austin, Texas, Gretchen Anne Hazard and Charles Wilson Reynolds held a "joining ceremony" in which they announced to their family and friends that they were married. In May of that same year, they both moved from Texas, finally coming to reside in Virginia, where they continue to reside today. Subsequent to their joining ceremony, Gretchen and Charles Reynolds cohabited together and made other representations to others that they were man and wife, including filing federal and state tax returns as "married filing joint return," and executing loan and title documents for the purchase of real property. Also, Charles Reynolds executed a Will in which he refers to Gretchen Reynolds as his wife. In addition, the parties had two children together.

In 1992, the parties ceased to cohabit in the same house. Subsequently, however, Charles Reynolds made additional representations that the parties were still married. In January 1994, he gave information to an insurance company indicating that Gretchen Reynolds was his wife; in April of that

same year, he filed a federal tax return representing that he was married to Gretchen Reynolds. In May 1998, Charles Reynolds made a representation to the Commonwealth of Virginia that Gretchen Reynolds was his wife and that was a covered dependent on his health insurance.

In June of 1999, Charles Reynolds "married" another woman, referred to as Judy Draper or Judy Dunn. On April 6, 2000, Gretchen Reynolds filed a Bill of Complaint for Divorce in this Court requesting, *inter alia*, spousal support and equitable distribution of the marital assets. Charles Reynolds has moved to dismiss or defer the Bill of Complaint and filed a plea of the statute of limitations in response to Plaintiff's Bill.

## Opinion

The sole issue raised by both the Defendant's Motion to Dismiss or Defer and his Plea and the focal point of the argument of counsel both in open court and in filed memoranda concerns the applicability of a Texas statute of limitations to the current action for divorce maintained by Plaintiff.

Defendant originally tried to litigate the issue of the validity of their Texas common-law marriage in Texas, having filed a petition on March 23, 2000, for declaratory judgment from the 200th District Court in Travis County, Texas, asking that court to rule that no marriage existed because of the operation of the aforementioned statute of limitations. A year later, that court issued an Order granting Charles' motion and decreed that "Charles Wilson Reynolds and Gretchen Ann Hazard are not husband and wife under the laws of Texas." Gretchen Reynolds appealed the decision, and, on appeal, the Texas Court of Appeals reversed the trial court and dismissed the cause, ruling *sua sponte* that the trial court "lacked jurisdiction to entertain Charles' suit for declaratory judgment." The decision was based on Texas law regarding the ability of courts to issue declaratory judgments, and the merits of the underlying issue were never addressed. Having found no resolution in the Texas courts, the parties are now litigating the issue in the context of this divorce action.

The Texas statute governing proof of informal or common-law marriages in effect at the time the parties held their joining ceremony provided that "the marriage of a man and woman may be proved by evidence that ... (2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." Tex. Fam. Code Ann. § 1.91 (Vernon 1993). Subsection (b) of that statute included a limitations provision, stating that "[a] proceeding in which a marriage is to be proved under this section must be commenced not later than one year after the date on which the relationship ended or not later than one

year after September 1, 1989, whichever is later." Tex. Fam. Code Ann. § 1.91(b) (Vernon 1993). Defendant contends that because Plaintiff failed to institute a proceeding to prove the existence of a marriage between the parties within a year of the end of their relationship, she is now barred from asserting the existence of such a marriage.

The Court clearly cannot grant a divorce to parties who are not married. In Virginia, marriages must be solemnized by a license in order to be valid. *See* Va. Code § 21-13 (2000); *Offield v. Davis*, 100 Va. 250, 253 (1902). However, "Virginia does recognize a common-law marriage that is valid under the laws of the jurisdiction in which it was created." *Farah v. Farah*, 16 Va. App. 329, 334 (1993) (citing *Kleinfield v. Veruki*, 7 Va. App. 183, 186 (1988)). As such, if a common-law marriage was formed between the parties under the laws of Texas, that marriage is valid in Virginia and a suit for divorce may be maintained by the Plaintiff. If Plaintiff is barred from asserting the existence of such a common-law marriage, however, then Defendant's Motion to Dismiss must be granted.

There is little question that the 1993 version of Tex. Fam. Code Ann. § 1.91(b), at issue in this case, operates as a statute of limitations. The question, then, is whether the Texas statute of limitations on proof of informal marriages is applicable in a suit for divorce brought in Virginia. Because this case involves the application of foreign law, the Court looks to the well established principles governing conflicts of law to guide its analysis.

The general rule regarding statutes of limitations in conflict of laws analysis is that the limitations, considered as part of the remedy, are controlled ultimately by the *lex fori*. 4A Michie's Jurisprudence, *Conflict of Laws, Domicile and Residence*, § 39 (citing *Johnson v. Anderson*, 76 Va. 766 (1882)). This means that the forum jurisdiction applies its own statute of limitations regarding an issue, because general statutes of limitations relate to the remedy, and thus have no force outside the jurisdiction in which they were created. *Sherley v. Lotz*, 200 Va. 173 (1958).

This rule mandates that this Court decline to apply the Texas statute of limitations sought to be invoked by the Defendant. Virginia, having no statutory provision for recognizing common-law marriage, obviously has no statute of limitations regarding an action to affirm the existence of common-law marriages. Thus, the Court finds that no statute of limitations bars the Plaintiff from asserting the existence of a common-law marriage created in Texas between the parties, and she is therefore allowed to present evidence to prove its existence.

Accordingly, it is hereby ordered that the Defendant's Plea of the Statute of Limitations is overruled, and his Motion to Dismiss or Defer is denied.

Counsel are ordered to place this matter upon the next Motions Day docket in order to set a hearing date.