## THE STATE,

### *vs.*

## JOSHUA GILPIN AND THOMAS GILPIN.

*New Castle, Aug. T.* 1817.

An attachment for contempt in the breach of an injunction should not be granted unless the affidavit, on which the motion is grounded, allege service of the writ; nor, without such allegation in the affidavit, can the service be proved upon interrogatories administered to the defendant taken under the attachment.

4

---

---

A discharge from an attachment for contempt, for the want of a sufficient affidavit of service of the injunction, is no bar to a second attachment for the same cause.

ATTACHMENT FOR CONTEMPT.—This proceeding arose out of the case of Charles Tatem and James Canby vs. Joshua Gilpin and Thomas Gilpin, reported *ante p.* 13. After a writ of injunction had been awarded in that case, in accordance with the order of the High Court of Errors and Appeals, an attachment for contempt against the defendants was granted, founded upon an affidavit charging them with a breach of the injunction. The defendants being taken under the attachment and brought before the Chancellor, interrogatories were filed on the part of the complainants, Tatem and Canby, to be administered to the defendants respectively. The first of the interrogatories inquired whether the defendants had been "served with the writ of injunction issued in the cause, and by whom and at what time?" To this, and to other interrogatories, the defendants filed exceptions by way of demurrer, the ground of exception to the first interrogatory being that the affidavit upon which the attachment had been granted did not show service of the writ of injunction, but only charged the defendants with disobedience to it.

*Read,* in support of the exception.—The service of the injunction should have been sworn to in the affidavit. That is the necessary ground,—the substratum of the whole proceeding; and this defect in the affidavit renders the proceeding irregular. The defect cannot be supplied by interrogatories. The rule is that in prosecutions for contempt, grounded upon affidavit, the interrogatories shall not be extended beyond the matter contained in the affidavit. 2 *Harrison's Ch. P.* 4 : 2 *Com. Dig.* 222 : *Prec. of Chanc. Prac. Vol.* 1, *p.* 40 : *Gilbert's Chancery* 199.

*Van Dyke,* contra.—The service of the subpœna is the

groundwork of the proceeding. The interrogatory can do no harm to the defendants. It is rather beneficial to them. In contempt for not answering a bill the interrogatory is, did you appear to the said bill ? So here, the interrogatory goes to the service of the writ of injunction.

RIDGELY, CHANCELLOR.—It is a general rule that where any motion or petition is made which is not of course, an affidavit of the facts alleged is necessary. 2 *Harrison's Ch. Pr.* 1. According to the English practice, an affidavit of the service of a subpœna to appear is necessary before an attachment can go to enforce the appearance of a defendant. So, in contempt for not answering there should be a previous affidavit of the service of the subpœna to answer, according to the form of which it is stated, that the defendant was commanded to appear and put in an answer to the plaintiff's bill. Thus, a foundation is laid to examine the defendant in the attachment as to his appearance. But it is so formal a thing in England, that if the affidavit is filed before the return of the attachment, the arrest holds good. 1 *Harrison's Ch. Pr.* 305 : 1 *Vern.* 172. See 1 *Harrison's Ch. Pr.* 231, 296, 303 : 2 *Com. Dig.* 220, as to affidavit of service of subpœna.

Our practice as to appearing and answering is different. In no instance has an affidavit of service of the subpœna been required. Upon the return of the subpœna, which is always served by the sheriff, on the non-appearance of the defendant a rule is laid for his appearance, and the attachment is awarded and issued as a matter of course, in case the rule is not complied with. So much so, that the standing order of the Court is (though perhaps unwritten) that the attachment shall be issued by the Register without the application or demand of the plaintiff. And this course is necessary, and arises out of the nature of our Court of Chancery, the length of our vacations, and I may say, the simplicity proper to be observed in our forms and

practice, provided the due administration of justice is not frustrated. Our Court, although exercising a jurisdiction as extensive as the English Court of Chancery, is more simple and less expensive in its proceedings; and is limited to such forms and service as justice alone requires. Upon this principle then, and the inutility and inconvenience of so much complication, our practice has dispensed with the affidavits of service of subpœnas issued to bring defendants into Court.

As to attachments for contempt in committing breaches of writs of injunction, the cases are very different. Those writs are generally issued to preserve property pending a litigation, to restrain waste and suits at law, and to prevent irreparable injuries; and, in short, to prohibit wrongs which could not afterward be remedied; and, therefore, disobedience to them, or a breach of their commands, not only inflicts great private injury, but deprives the party of that security and protection which are the great ends of government. In such cases, the accusation becomes a criminal charge, and the accused, if guilty, is liable to punishment. Viewing the proceedings in this light, sufficient certainty in the charge of the offence becomes requisite, and of course an affidavit of the service of the writ of injunction is a preliminary step. The attachment goes (on the violation of the writ of injunction) upon affidavit of the service. 2 *Harrison's Ch. Pr.* 267: 1 *Harrison's Ch. Pr.* 209, 210. The interrogatory cannot be extended beyond the matter contained in the affidavit; and if any other be exhibited the party may demur: 1 *Harrison's Ch. Pr.* 458: 2 *Harrison's Ch. Pr.* 62: 2 *Com. Dig. Chancery* 222. For, the affidavit is the groundwork of the attachment. It forms the charge against the party, and should contain the matter which, if verified, constitutes the offence. The service of the writ, then, is all important: for without such service, or proper notice of it, there can be no breach of it; and without the affidavit the defendant

cannot be interrogated as to the service. In 3 *Atk.* 609, on a motion for taking a defendant into custody for disobedience to an order to bring books into court, the motion was refused because there was no affidavit of the service of the order, although in an order obtained by the defendant for further time there was a recital of the order to bring books into court. With us, no other practice has obtained on attachments for breach of injunctions; and I think none other ought to obtain; for, the consequences in such a case may be very serious to offenders. Therefore, because there is no affidavit of the service of the writ of injunction, the first exception is allowed, and the defendants are discharged from this attachment.

After the discharge of the defendants from the attachment above reported, the complainants filed another affidavit, charging that the defendants had committed a breach of the injunction referred to, and also an affidavit showing due service of the injunction; and thereupon, the complainants moved for another attachment for contempt.

*Hall* and *Read,* for the defendants, objected.

The defendants have been once brought into court upon the same charge and have been acquitted. They cannot be again overhauled for the same matter. Their discharge from the former attachment was not for irregularity in the writ, but it was a discharge upon the merits for want of proof of service of the injunction. There was an inquiry before the Court touching the merits upon which interrogatories had been proposed. The complainant failed to make out the contempt in point of fact, and the result was an acquittal of the charge.

*McLane, Van Dyke* and *T. Clayton,* for the complainants.

The defendants were not discharged upon the merits,

but for irregularity in taking out the attachment without an affidavit of the service of the injunction. The case is analagous to the discontinuance of a civil action, or to the quashing of a defective indictment, neither of which is a bar to a subsequent proceeding for the same matter. *Wyatt's Prac. Reg.* 57 : an attachment expired and nothing done ; a new attachment granted. In the case of Yates, 4 *Johns. N. Y. R.* 356, it was held that an attachment for contempt being *defective*, a new and competent warrant of commitment may be awarded for the same cause.

*Hall*, in reply.—In the case in Wyatt, the attachment first taken out had expired *without being served*. In the case cited from Johnson, the process was a nullity. Here, the attachment was good and the parties held under it. The proceedings from the time the defendants were brought into court were regular, but the defendants were discharged because the complainants, failing to prove service, could not bring them into contempt. 1 *Harrison's Ch. Pr.* 239.

RIDGELY, CHANCELLOR.—In *Hawkins*, 2 *vol.*272, *Chap.* 35, *sec.* 8, it is laid down that whenever an indictment, on which a man is acquitted, is so far erroneous that no good judgment could be given against the defendant, the acquittal can be no bar to a subsequent indictment, because, in judgment of law, the defendant was never in danger from the first; for the law will presume, *prima facie*, that the judges would not have given a judgment which would have been liable to be reversed. But if the error be only in the process, it seems agreed, that the acquittal will be a good bar to a subsequent prosecution, notwithstanding such error; the best reason whereof seems to be, that such error is saved by the appearance. See *Chap.* 27, *sec.* 107. This is the law as to prosecutions for crimes at common law, or in courts technically of criminal jurisdiction. Here, there was a demurrer to the first interrogatory as

well as to others.   The cause of demurrer was that the interrogatory was extended beyond what was comprehended in the affidavit, and therefore the defendants refused to answer.   The exception was allowed and the parties were discharged : for, it was held by the Court that the service of the writ of injunction had not been proved, and that the defendants were not bound to answer the interrogatory.   The complainants then failed, not upon the merits, but because the defendants were not bound to answer, or in other words because the process issued improvidently. The appearance in the custody of the sheriff did not save the error.   The merits, that is, the disobedience to the injunction, were not and could not be inquired into; and, although the defendants were brought into Court on the writ of attachment, they were not put in jeopardy and could not suffer in the proceeding.

The error here could not be said to be in the process. It was in charging the defendants with an offence which, so far as it appeared to the Court, they could not commit. For, without service, or notice of the injunction, they could be guilty of no contempt.   And without affidavit of such service the defendants were not bound to answer, and were exposed to no liability.   As the case stood, they could not suffer, and the alleged offence could not be examined into.   On principle then, I see no application of the doctrine of a plea of a former acquittal; and none of the authorities read go to the discharge of the defendants from a second charge for the same supposed contempt. The proceeding of yesterday is no bar.

The attachment was accordingly issued and the defendants were again brought into court.   Subsequently, the case was finally disposed of by a reference to arbitrators.