## SUPREME COURT.

HULSAVER, appellant, agt. WILES, respondent.

Where the proof will warrant it, an officer may grant *an order*, in supplementary proceedings, *combining* the purposes to be attained by §§ 292, 294, and 296, of the Code.

The officer who grants an order under § 300, is authorized, and may *immediately appoint a referee*. It is the more convenient practice. (*The case of Hatch* agt. *Weyburn*, 8 *How. Pr. R.* 163, *holding that the defendant in the order should be brought before the officer in the first instance, has not been generally followed.*)

Section 301 provides for an allowance for "witnesses' fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, *as costs.*" Where the officer allowed a fixed sum ($30) in the order "*for counsel fee*," instead of saying "as costs," *held*, that it was sufficient. The additional allowance must be intended to embrace counsel fee.

When an order speaks the clear intent of the law in regard to the matter to which it relates, it should not be held void, because the precise language of the statute is not employed.

An order in supplementary proceedings, for the examination of the debtor, &c., may be properly granted by an officer at *chambers*. The theory of proceedings supplementary to execution, which are special in their character, is, to afford the creditor a speedy and efficient remedy against a dishonest debtor. And they are to be controlled by the officer before whom they were instituted.

Process in the nature of a *fieri facias* (*Sess. L.* 1847, *p.* 390) cannot be issued to collect the *costs* allowed in an order made in supplementary proceedings; because such an order is not an *order of the court*. A distinction is clearly recognized between orders made by the court, and by ·a judge or officer out of court.

*Montgomery General Term, August,* 1855.

THE plaintiff obtained a judgment in this court against the defendant, and issued execution thereon, which was returned unsatisfied. An application was then made to a justice of this court, pursuant to Chap. II, Title IX, Part II, of the Code of Procedure, entitled " Proceedings Supplementary to the Execution ;" and an order was granted requiring the defendant and several other persons to appear before a referee, appointed for the purpose, to be examined.

The referee took the examination, and made his report to the officer who granted the order. The counsel for the persons examined under the order, on notice to the plaintiff's attorney, obtained an order from the officer confirming the referee's report, (which was adverse to the plaintiff,) and directing the plaintiff to pay $30 for counsel fee, and $4 witnesses' fees. A process in the nature of a *fieri facias* was issued to the sheriff to collect this allowance of $30.

Thereupon the plaintiff moved to set aside the process, on the ground that it was issued without authority and void.

The motion was heard at special term, and denied. An appeal was then taken to the general term.

S. SAMMONS, *counsel for appellant.*

R. H. CUSHNEY, *counsel for respondent.*

By the court—BOCKES, Justice. The order appointing the referee, and directing the examination of the defendant and other persons, was obtained under §§ 292, 296, (perhaps 294,) the former of which provides for the examination of the judgment-debtor, and the latter for the examination of other persons. There can be no good reason, nor is any reason whatever suggested, against the granting of an order combining the purposes to be attained by §§ 292, 294, and 296. If the proof would authorize it, doubtless the officer could allow such order. The point urged is, that the officer appointed a referee in the first instance, without bringing the defendant, or other persons

named in the order, before him, and it is therefore claimed that the officer did not obtain jurisdiction.

This argument comes with an ill grace from the party who obtained the order, and acted under it until defeated in his purpose, but who now, to avoid the expense of the proceedings, insists that it was all a farce or trick : still the court must look to its powers and regard the law.

But I have arrived at the conclusion that the order appointing the referee was authorized by § 300. That section empowers the judge, in his discretion, to order a reference to a referee, to report the evidence or the facts. It does not state when he shall make the order; but I have not heard any well grounded suggestion against the convenient practice of appointing the referee in the first instance. There is certainly nothing in the Code to prohibit such practice. If the referee is exceptionable, or if the order is granted improvidently, the party may apply at once to the officer to modify or vacate the order.

The case of *Hatch* agt. *Weyburn*, (8 *How. Prac. Rep.* 163,) is relied on by the appellant's counsel; but that case has not been generally followed, and was expressly repudiated in *Green* agt. *Bullard.* (8 *How. Prac. Rep.* 313.)

The learned judge, in the former case, laid great stress on the fact, that by the amendment of 1851, the words, "or a referee appointed by the judge of the court," were omitted in § 292. Those words were doubtless omitted for the reason that § 300 rendered them quite unnecessary.

In the next place, it is urged that the order on which the process issued was void, because it allowed $30 *for counsel fee.*

Section 301 authorizes the officer to allow to any party examined, whether a party to the action or not, witnesses' fees and disbursements, and a fixed sum in addition not exceeding thirty dollars, as costs. He allowed a fixed sum, as expressed in the order, "*for counsel fee,*" instead of saying "*as costs.*" In common parlance, costs include counsel fee. Those terms, as used, are often synonymous. The section plainly contemplates an allowance for the expenses of the party examined, besides his disbursements; and what can it be for, unless to

Hulsaver agt. Wiles.

cover his necessary expenses in the protection of his legal rights. He is entitled to have the advice of counsel. (*Corning* agt. *Tooker*, (5 *How. Prac. Rep.* 16.) The additional allowance, I apprehend, must be intended to embrace counsel fee. In granting allowances under § 308, the court generally take into consideration what would be a reasonable counsel fee under the circumstances of the case. (*Sheldon* agt. *Allerton*, 2 *Sand.* 630.)

There is a wide difference between the meaning of § 301, and the section of the Revised Statutes which provides for the payment of costs in summary proceedings to recover the possession of lands. *Costs* in those cases are deemed to embrace officers' fees only, but § 301 provides for an allowance for " witnesses' fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs." The allowance, it will be seen, is not limited to costs as heretofore understood, but a sum by way of indemnity to a party for his expenses in the action or proceeding, is contemplated. Those allowances are now termed costs. (*Code*, § 303.) When an order speaks the clear intent of the law, in regard to the matter to which it relates, it should not be held void, because the precise language of the statute is not employed.

It is objected, that the order on which the process issued was granted at chambers, and hence void.

Proceedings supplementary to execution are special in their character, and the theory of them is to afford the creditor a speedy and efficient remedy against a dishonest debtor. Those proceedings are intended to furnish a system of peculiar relief, and they are to be controlled by the officer before whom they are instituted. If the examination is had before the officer issuing the order, he proceeds to dispose of the case at the close of the examination. If a reference is made, an examination is had before the referee, who reports to the officer the evidence or the facts. Still, the proceedings are before the officer, and he takes the case from the referee's report, the same as if he had himself, by an examination, obtained the evidence or determined the facts. His next duty is to grant the appropriate order on the facts before him. There is no statute which re-

quires any notice of any motion before him for the order, from one party or the other; but good practice suggests the propriety of a notice of the motion from the moving party. (*Todd* agt. *Crooke*, 4 *Sand.* 694.) And the officer will generally require, (as he did in this case,) that the notice be served. But the system undoubtedly contemplates the granting of the order at chambers: hence, in my judgment, the order in this case was duly granted.

The appellant asserts that there is no authority to issue a process in the nature of a *fieri facias*, to collect an allowance as costs under § 301, and insists that obedience to orders in proceedings supplementary to execution can be enforced only under § 302, which authorizes the officer to punish as for a contempt any disobedience of his order. Section 302 evidently confers on the officer ample power to compel obedience to his orders; and the last clause of the section clothes him with authority to deal justly with a party in case of inability to perform the act required, or to endure punishment.

The process in this case was issued under § 3 of chap. 390, (*Session Laws of* 1847,) which provides, that "Process in the nature of a *fieri facias* against personal property, may be issued for the collection of" *costs founded on an order of court.* The costs here alluded to are those mentioned in the section of chap. 390, preceding that above quoted. That section reads thus—"No person shall be imprisoned for the non-payment of *interlocutory costs*, or for contempt of court in not paying *costs*, except attorneys, solicitors," &c. Thus it will be seen that the process may issue for the collection of interlocutory costs, and for costs, the non-payment of which would be deemed a contempt of court. But such process must be *founded on an order of court*. (*See* § 3, *chap.* 390, *Sess. Laws*, 1847.)

This process took the place of the precept authorized to be issued by § 15 *of chap.* 386, *Sess. Laws*, 1840, which permitted the issuing of a precept for the collection of costs awarded on special motions. (*Mitchell* agt. *Westervelt*, 6 *How. Prac. Rep.* 265.) These statutes of 1840 and 1847 are still in force. (*Mitchell* agt. *Westervelt*, *supra*, *affirmed on appeal*; *Lucas* agt.

*Johnson*, 6 *Howard Prac. Rep.* 121; *Thomas* agt. *Clark*, 5 *id.* 375.)

The question, then, is, can the order, directing the payment of the $30 granted by the officer before whom the proceedings supplementary to execution were conducted, be deemed an *order of court?*

It was supposed by Mr. Justice SANDFORD, that such proceedings must be regarded as proceedings in the cause in which the judgment was rendered. (*Ross* agt. *Clussman*, 3 *Sand.* 676.) Still they are, to a certain extent, original in their character, as other persons than those named in the judgment-roll may be, and often are, introduced therein as parties. (*Davis* agt. *Turner*, 4 *How. Pr. R.* 190.)

But this does not divest them of their special character, and they are deemed to fall under the denomination of special proceedings. (*See case last cited.*) They are allowed to be conducted by certain officers, and with the orders made in their progress the court has nothing to do, except to correct them, on motion pursuant to § 324, or review them on appeal. A distinction is clearly recognized between orders made by the court, and by a judge or officer out of court.

It was said by Mr. Justice MASON, in the matter of *Smithurst*, (2 *Sand.* 724, 726,) in speaking of orders granted in a proceeding supplementary to the execution, that "the court, as such, can not punish, because no contempt is shown to its authority, and no power is given to it to punish for contempt of the orders of the judge."

These remarks proceed on the assumption that such orders are not deemed to be orders of the court.

The process must have its foundation on an order of court. (*Sec.* 3, *chap.* 390, *Sess. Laws.* 1847.)

In *Lucas* agt. *Johnson*, (6 *How. Prac. R.* 121, 123,) Mr. Justice WELLES observes, "The *order of the court* is made the foundation of the execution or process in the nature of a *fieri facias.*"

I am, therefore, led to the conclusion, that the order on which the process under consideration issued was not an order of the

court, and hence that the process is unauthorized by law. Perhaps an order might be obtained from the court at special term, as was done in *Buzard* agt. *Gross*, (4 *How. Prac. R.* 23,) which would authorize the issuing of a process; but as to that I am not called on here to express any opinion.

The order appealed from must be reversed, but without costs and the process must be set aside.