Decided 16 December, 1901.

## STATE EX REL. *v.* DOWNING.

[58 Pac. 863; 66 Pac. 917.]

APPEALABLE ORDER.

1. Where a court intends to finally pass upon all the questions at issue in a pending case, and make a concluding adjudication respecting them, without intending to hold the matter under further consideration, the order thus entered is a "final order," within the meaning of Section 535 of Hill's Ann. Laws, from which an appeal may be taken: *Harvey's Heirs* v. *Wait,* 10 Or. 117, applied. Thus, an order adjudging a person guilty of contempt and fixing his punishment is a final and appealable order, notwithstanding an additional clause that further proceedings be stayed until the further order of court, and that defendant have a stated time within which to prepare a bill of exceptions, the effect of this last clause being only to stay the enforcement of the order.

JUDGMENT OF CONTEMPT—NECESSITY OF WARRANT.

2. A judgment of contempt is not self-executing under the statutes of Oregon, but must be enforced by means of a warrant of commitment, which is to issue at the order of the court.

SUPPLEMENTAL PROCEEDINGS—POWER TO MAKE FINAL ORDER.

3. Under Section 308 of Hill's Ann. Laws, providing that after the issuing of an execution, and on proof to the satisfaction of the court or judge thereof that the judgment debtor has property liable to execution which he refuses to apply toward the satisfaction of the judgment, such court or judge may by an order require the judgment debtor to appear and answer under oath

concerning the same; and section 309, providing that if it appears by the examination of witnesses that the judgment debtor has any property liable ·to execution, the court or judge shall make an order requiring the judgment debtor to apply the same in satisfaction of the judgment; the preliminary order for the examination of the judgment debtor may be made by the judge, and the final order requiring the satisfaction of the judgment may be made by the court.

EFFECT OF FAILURE OF DEBTOR TO APPEAR BEFORE REFEREE.

4. The failure or refusal of the judgment debtor to appear before a referee for examination regarding property that he may have liable to execution, pursuant to an order issued under the authority conferred by Section 308 of Hill's Ann. Laws, does not affect the validity of any order that such referee may make under section 309.

SUPPLEMENTAL PROCEEDINGS—LEVY ON TANGIBLE PROPERTY.

5. A judgment creditor is not required to levy on and sell tangible property of the judgment debtor before invoking the aid of supplemental proceedings under Section 308 of Hill's Ann. Laws, as the statute authorizes such proceedings on the issuing of an execution and proof that the judgment debtor has property subject to execution which he refuses to apply toward the satisfaction of the judgment.

NECESSITY FOR PRIOR SALE OF ATTACHED PROPERTY.

6. The statement in the affidavit in proceedings supplemental to execution that the judgment debtor had property liable to execution which he refused to apply toward the satisfaction of the judgment, if believed by the court or judge, is sufficient to authorize the issuance of an order requiring the judgment debtor to appear for examination and to satisfy the judgment, notwithstanding an attachment of tangible property without levy of execution thereon.

FORCE OF VOIDABLE ORDER—CONTEMPT.

7. While it is true that one cannot properly be punished for disobeying a void order, it is also true that one can and ought to be punished for disobeying a voidable order; for voidable orders are in force until they are set aside in a proper proceeding: thus, if it be admitted that an order directing a judgment debtor to appear for examination in supplemental proceedings is voidable, that will not relieve him from contempt proceedings for a failure to comply therewith, where the court had jurisdiction of the proceedings at their inception.

TITLE OF CIVIL CONTEMPT CASE—AMENDING TITLE.

8. Under Section 655 of Hill's Ann. Laws, a contempt proceeding in a case not of public interest should be conducted in the name of the state on the relation of the party interested, and where such a proceeding has not been so entitled, it is discretionary with the trial court, under Section 101 of Hill's Ann. Laws, to allow an amendment before trial changing the title by substituting the State ex rel. as plaintiff.

SUPPLEMENTAL PROCEEDINGS—APPEAL—STAYING EXECUTION.

9. An appeal from an order in supplemental proceedings requiring the judgment debtor to satisfy the judgment will not operate as a stay of such proceedings, in the absence of an undertaking by the judgment debtor for the satisfaction of so much of the order as may be affirmed, since the order is so closely connected with the judgment as to be a part thereof, and fall within the meaning of Hill's Ann. Laws, § 538, subd. 1, which requires that in order

to stay proceedings on a money judgment, there must be an appeal supported by an undertaking to satisfy the judgment if affirmed.

CONTEMPT—CONTENTS OF AFFIDAVIT—AIDER BY ANSWER.

10. An affidavit filed as the basis of a proceeding for a contempt not committed in the presence of the court should show the facts constituting the contempt, that the order that has been disobeyed had been served on the defendant or that he had personal knowledge or notice of it, and that a demand to comply with such order had been made by some person authorized to require such compliance ; but the want of some of or all these allegations may be supplied by the answer, in which case the defect is cured.

NEGATIVE PREGNANT EVIDENCE.

11. The negative pregnant rule is as applicable to evidence as to pleading, and the same result follows its enforcement ; thus, where the point in issue was the ability of a person to pay a judgment for $7,817, his evidence that he had not had and had not at the time of testifying $10,000 in lawful money, was an admission that he had a less sum, and justified a finding that he could pay the judgment if he would.

CONTEMPT—EFFECT OF REVERSING DISOBEYED ORDER.

12. The effect of a reversal of an order for disobedience of which a person has been adjudged guilty of contempt is to relieve such person from the duty of obeying the order, but it does not remit any fine that may have been imposed.

From Multnomah : ALFRED F. SEARS, JR., Judge.

A contempt proceeding having been instituted against F. O. Downing for not obeying an order of court, he was adjudged guilty, and from this order he appeals. Further facts appear in the opinions. A motion to dismiss the appeal was overruled, opinion by Judge Wolverton, and the case was heard on its merits and affirmed, opinion by Judge Moore.

AFFIRMED.

Decided 6 November, 1899.

ON MOTION TO DISMISS APPEAL.

*Messrs. Coovert & Stapleton,* and *Watson & Beekman,* for the motion.

*Messrs. Woodward & Palmer, contra.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

On October 7, 1897, the relator, Thomas J. Hammer, obtained a judgment in the Circuit Court of the State of Oregon for Multnomah County against the appellant, F. O. Downing,

and one F. H. Hopkins, as partners under the firm name of Downing, Hopkins & Company, for $7,817.50, with accruing interest and costs. On April 4, 1898, it appearing in a proceeding supplemental to execution that Downing had $10,000 in his possession and under his control liable to execution upon said judgment, which he unjustly refused to apply towards the payment of the same, the court made an order directing him to pay over a sufficient amount thereof to satisfy said judgment, from which order and judgment he appealed to this court, but proceedings for their enforcement were not thereby stayed. Subsequently, on June 30, 1898, a proceeding for contempt of court in refusing to comply with the said order of April 4, 1898, was instituted against him, wherein the court made findings, and entered thereupon the following order and judgment, viz.: "It is therefore ordered and adjudged by the court that the defendant, F. O. Downing, is guilty of contempt of this court, as charged in said affidavit of Thomas J. Hammer, the relator herein, and is now in contempt of this court for disobedience to its said order of the fourth day of April, A. D. 1898, and that it is in his power to comply therewith; and that said defendant, F. O. Downing, pay a fine of twenty-five dollars and costs of this proceeding, and be imprisoned in the county jail of Multnomah County, State of Oregon, until he shall have complied with said order of the fourth day of April, A. D. 1898, by applying a sufficient portion of said sum of ten thousand dollars upon said judgment in favor of said Thomas J. Hammer, mentioned in said order, to satisfy the same, namely, the sum of $7,817.50, with interest thereon from July 15, 1897, at the rate of eight per cent. per annum, and until said fine is paid. And on the motion of said defendant, F. O. Downing, it is further ordered that all further proceedings herein be stayed until the further order of the court, and that said defendant have sixty days to file a bill of exceptions." The defendant, Downing, having appealed from the judgment without attempting to have the proceedings stayed, the relator moves to dismiss the appeal for the reason that the order or judgment is not final, and therefore not appealable.

1. It is maintained by the relator that the latter clause of
the judgment, which directs that all further proceedings be
stayed until the further order of the court, retains the cause
within the breast of the court below, so that it is empowered
to modify or set aside and annul the judgment at any time
upon further hearing, and, therefore, that the judgment is not
final in its nature and purpose, so that an appeal would lie
therefrom.   On the other hand, it is contended that the sub-
joined clause is effective only for the purpose of staying the
issuance of a commitment and the enforcement of the judg-
ment under and by virtue thereof; that it is rather in the na-
ture of a stay of execution than a withholding of a final con-
clusion and adjudication upon the matters in controversy.
The proceeding for contempt is one regulated entirely by stat-
ute, which provides—omitting a statement of the specific mode
of procedure prescribed—that, upon the evidence taken as con-
templated, the court or judicial officer shall determine whether
or not the defendant is guilty of the contempt charged, and, if
it be determined that he is guilty, he shall be sentenced to be
punished as provided by such statute; and further, that,
when the contempt consists in the omission or refusal to per-
form an act in the power of the defendant to perform, he may
be imprisoned until he shall have performed it, and in such
case the act must be specified in the warrant of commitment.
From the judgment thus given and entered either party thereto
may appeal "in like manner and with like effect as from the
judgment in an action": Hill's Ann. Laws, §§ 651, 659, 661,
664.   Now, the judgment in the case at bar has determined
that the defendant was guilty of contempt, and it specifies in
what particular it consists.   It is further adjudged that he pay
a fine and the costs of the proceeding, and that he be impris-
oned in the county jail until he shall have complied with the
previous order of the court.   This judgment conforms to every
requirement of the statute, and without the latter clause no
one would question that it was final in its nature and effect.
The rule seems to be that, where it is the purpose of the court
to pass upon all the questions at issue, and to finally consider

·and determine concerning them, and make and enter a concluding order respecting them, without any intention of holding the matter in abeyance so that it may subsequently modify or revoke the order, the judgment so entered will be deemed to be final: *Harvey's Heirs* v. *Wait,* 10 Or. 117. And this is just what the court in the present case undertook and intended to do. It was its purpose, undoubtedly, to dispose of the case absolutely, so far as adjudging the defendant in contempt is concerned; and when it had entered the judgment in this regard that ended its jurisdiction to modify or vacate the same, unless for good cause shown within the statutory provisions. The purpose of the subjoined clause, about which the contention centers, was, no doubt, to stay the execution of the judgment only, and not to reserve judgment.

2. The act establishing the proceeding contemplates that the judgment shall be enforced by means of a warrant of commitment, which stands in the stead of an execution upon the ordinary judgment. The defendant cannot be committed except by authority of a warrant. The judgment is not self-executing; hence the order staying further proceedings is one in effect staying the enforcement of the judgment by withholding the warrant of commitment. This view of the law supports the appellant's right to appeal, and the motion to dismiss is therefore denied.     MOTION OVERRULED.

Decided 16 December, 1901.

ON THE MERITS.

MR. JUSTICE MOORE delivered the opinion.

This is a special proceeding by the State of Oregon, on the relation of Thos. J. Hammer, to punish F. O. Downing for a constructive contempt in disobeying an order of the circuit court for Multnomah County requiring him to apply certain money found by the court to be in his possession to the satisfaction of a judgment against him and another in favor of Hammer. It was instituted June 30, 1898, by filing an affidavit of which the following is a copy, to wit:

THOMAS J. HAMMER,
                    Plaintiff.
        *v.*
F. O. DOWNING and F. H.
  HOPKINS, partners, styled
  DOWNING & HOPKINS,
                    Defendants.

STATE OF OREGON, COUNTY OF MULTNOMAH : SS.

"I, Thomas J. Hammer, being first duly sworn, say that I am
the plaintiff in this action; that on the 29th day of October,
1897, a judgment in the above entitled action was entered in
favor of plaintiff and against the defendants in the sum of
$7,617.50, with interest from July 15, 1897, at 8 per cent. per
annum, and $141.30 costs and disbursements, and upon the
same day the said judgment was docketed in the lien docket in
the clerk's office in this court, and is now a valid and existing
judgment; that on the 24th day of November, 1897, an execu-
tion upon said judgment was duly issued, but that the same
was wholly unsatisfied, and is to-day wholly unsatisfied and
unpaid; that by order of the above court duly issued De-
cember 4, 1897, and by a further order issued December 20,
1897, upon proceedings supplemental to execution, J. R. Stod-
dard, Esq., was duly appointed by this court referee to take
testimony and report the same to this court, together with his
findings of fact and conclusions of law; that upon December
29, 1897, the report of the said referee, containing all testi-
mony taken by him, together with his findings of fact and con-
clusions of law, were duly filed in this court; that said report
found that on September 1, 1897, and at the time of making
and filing said report, defendant F. O. Downing was the owner
and in possession of $10,000 in money in Multnomah County,
Oregon, which said money was liable to the execution upon the
judgment herein; that said referee found as a conclusion of
law that said defendant be required to pay said $10,000, or as
much thereof as may be necessary to satisfy said judgment,
within ten days from the entry of judgment therein, said report
of said referee being especially referred to herein and made a
part of this affidavit, as the same appears in the record in this
cause; that upon April 4, 1898, this court duly confirmed
the report of the said referee, and entered judgment and order
herein that the said defendant F. O. Downing, on or before
April 16, 1898, apply said sum of $10,000, or so much thereof
as may be necessary, in satisfaction of the said judgment of
plaintiff; that the said F. O. Downing has failed and refused

to comply with said order, and has paid upon said judgment no part of the same, and the whole thereof is now due, owing, and unsatisfied, and, unless the said Downing is compelled to pay the same on said order, the said judgment will be wholly lost to the plaintiff; that said F. O. Downing has no other property on which execution may be levied. Wherefore, affiant prays that said defendant F. O. Downing be ordered to appear before this court to show cause why he should not comply with said order or be punished for contempt.

"THOS. J. HAMMER.

"Subscribed and sworn to before me this June 29th, 1898.

"E. E. COOVERT, Notary Public for Oregon."

Thereupon an order was issued requiring the defendant to appear in said court on July 7, 1898, to show cause why he should not be punished for contempt. At the time so appointed the defendant appeared and demurred on the ground that the court had no jurisdiction to make said order, and that the affidavit on which it was based does not state facts sufficient to warrant the court in making it. The demurrer being overruled, the defendant, on August 8, 1898, interposed another on the ground that there was a defect of parties plaintiff, in that the State of Oregon was not named as a coplaintiff; and this demurrer being also overruled, an answer was filed November 26, 1898, admitting that on April 4, 1898, the court made an order wherein Downing was required on or before April 16, 1898, to apply the sum of $10,000, or so much thereof as might be necessary, in satisfaction of a judgment rendered October 29, 1897, in favor of Hammer and against Downing, Hopkins & Company. It is also alleged that at the time said action was commenced a writ of attachment was issued, in pursuance of which certain property of the defendants was attached, and by the judgment ordered sold, but no execution had been levied thereon; that Downing was also the owner of other property, which, together with that so attached, was amply sufficient to satisfy said judgment; that the order in the proceedings supplemental to execution, upon which the order herein is based, is not supported by evidence, but is based upon a presumption of fact not applicable thereto. The

allegations of new matter in the answer having been denied in the reply, the plaintiff, by leave of the court, amended the title by making the State of Oregon a party plaintiff. At the trial testimony was taken from which the court found that the defendant was guilty of contempt in disobeying the order of April 4, 1898, and that it was then in his power to comply therewith, and thereupon adjudged that he pay a fine of $25 and costs, and be imprisoned in the county jail of said county until he complied with the order by applying said sum of $10,000, or sufficient thereof to satisfy judgment, interest, and costs, and Downing appeals.

3. It is contended by appellant's counsel that the court had no jurisdiction of the subject-matter, and no authority to issue the order of April 4, 1898, because, the order requiring the judgment debtor to appear before the referee having been made by the judge at chambers such judge only could issue a final order requiring Downing to satisfy the judgment, and that the final order, having been made by the court, is void. The statute (Hill's Ann. Laws) prescribing the mode of compelling the satisfaction of judgments in proceedings supplemental to execution, as far as deemed applicable herein, is as follows:

Section 308. "After the issuing of an execution against property, and upon proof by the affidavit of the plaintiff in the writ, or otherwise, to the satisfaction of the court or judge thereof, that the judgment debtor has property liable to execution, which he refuses to apply towards the satisfaction of the judgment, such court or judge may, by an order, require the judgment debtor to appear and answer under oath concerning the same, before such court or judge, or before a referee appointed by such court or judge, at a time and place specified in the order."

Section 309. "On the appearance of the judgment debtor, he may be examined on oath concerning his property. His examination, if required by the plaintiff in the writ, shall be reduced to writing, and filed with the clerk by whom the execution was issued. Either party may examine witnesses in his

behalf, and if by such examination it appear that the judgment debtor has any property liable to execution, the court or judge before whom the proceeding takes place, or to whom the report of the referee is made, shall make an order requiring the judgment debtor to apply the same in satisfaction of the judgment, or that such property be levied on, by execution, in the manner and with the effect as provided in Title I of this chapter, or both, as may seem most likely to affect [effect] the object of the proceeding.''

It was held in New York, in construing a statute of similar import, that a preliminary order for the examination of the debtor might be granted by a judge at chambers, and, the proceedings being special in character, and designed to afford the creditor a speedy and efficient remedy against a° dishonest debtor, they were to be controlled by the officer before whom they were instituted: *Hulsaver* v. *Wiles,* 11 How. Prac. 446. The statute construed in that case provided, in effect, that, when an execution against the property of a judgment debtor is returned unsatisfied in whole or in part, the judgment creditor is entitled to an order from a judge of the court, or a county judge of the county to which the execution was issued, or a judge of the court of common pleas for the city and county of New York, when the execution is issued to such city and county, requiring the judgment debtor to appear and answer before such judge, at a time and place specified in the order, within the county to which the execution was issued: How. Code, N. Y. § 292. Our statute, it will be observed, is much broader than that of New York, and evidently framed so as to give the court or judge sufficient authority to issue a preliminary order requiring the judgment debtor to appear and answer concerning his property at a time and place specified in the order; and if, upon such examination, it satisfactorily appear that the debtor has property liable to execution, the judge is vested with plenary power to issue the final order, requiring him to apply the same in satisfaction of the judgment, or that the execution be levied on such property; and the same measure of power is also conferred upon the court.

The only restriction, as we view the statute, is that if the preliminary order be made, as in this instance, by the judge, the final order, if made in vacation or at chambers, must also be issued by the same authority; for a judge may exercise out of court all the powers expressly conferred upon such officer, as contradistinguished from a court, and not otherwise: Hill's Ann. Laws, § 915. It was also held at one time in New York, in construing a similar statute, that the judge who made the order for the examination of the judgment debtor was the only power authorized to punish the debtor for disobedience in failing to attend at the time and place appointed for his examination: *Shepherd* v. *Dean,* 3 Abb. Prac. 424. A different conclusion, however, was reached in *Wicker* v. *Dresser,* 13 How. Prac. 331, where it was held that the court, as well as the judge, has power to punish for contempt in proceedings supplemental to execution. When the preliminary order initiating the proceedings is made by the judge, we do not think a reasonable construction of the statute prohibits the court from issuing the final order requiring satisfaction of the judgment.

4. It is contended that, because the judgment debtor did not appear before the referee as directed, the order requiring him to satisfy the judgment is void. It will be remembered that the statute (Section 309, Hill's Ann. Laws) provides that, on the appearance of the judgment debtor, he may be examined on oath concerning his property. It is nowhere provided that upon his failure or refusal to obey the requirement of the preliminary order the jurisdiction is ousted, or the authority of the court or judge suspended. If such a result were a rule of procedure, the judgment debtor would have power to delay the enforcement of a judgment indefinitely, though he might possess ample intangible property with which to satisfy the sum adjudged against him. He cannot be examined unless he appears at the time and place appointed for that purpose; but the statute, having prescribed that either the judgment creditor or debtor may examine witnesses in his behalf, has provided a method whereby the creditor may ascertain what property the debtor possesses liable to execution, though the latter disobeys

the order requiring him to appear for examination, thereby rendering himself liable to punishment for contempt. Any other construction of the statute (Sections 308 and 309, Hill's Ann. Laws) would render its provisions idle and give a dishonest debtor power to defeat the remedial provisions evidently intended by the legislative assembly as a summary method of compelling him to satisfy judgments rendered against him out of property that cannot be found or reached by the officer in possession of the execution. Downing's nonappearance did not defeat or suspend the power to conduct the examination in his absence.

5. It is contended that the affidavit upon which the preliminary order was based stated facts which negatived the right to require the judgment debtor to appear for examination concerning his property liable to execution, and, this being so, the order requiring him to apply any property claimed to have been in his possession in satisfaction of the judgment is void. The affidavit referred to stated that the sheriff, to whom the execution was delivered for service, was unable to find any property belonging to either of the defendants out of which he could make more than a small part of the sum due on the judgment. It is argued that, before the judgment creditor is entitled to invoke the aid of proceedings supplemental to execution, he must levy upon and sell the tangible property of the judgment debtor that is liable thereto. The statutes of many of the states contain such provisions, but ours does not,* and the only requisite necessary to this ancillary remedy is the issuing of an execution against property and proof by the affidavit of the plaintiff in the writ that the judgment debtor has property liable to execution which he refuses to apply toward the satisfaction of the judgment.

6. It is maintained that after the original action was commenced by Hammer, in which he recovered the judgment that forms the basis of the proceedings supplemental to execution, certain property was attached which by the court was ordered

---

*See Section 308.

to be sold; and, no execution having been levied thereon, the order requiring Downing to appear for examination, and also the order requiring him to satisfy the judgment, are void. It may be that the sheriff, in pursuance of the command of the execution ordering the property so attached to be sold to satisfy the judgment, would have been obliged to make such sale before he could sell other property; but, however this may be, the mere statement in the affidavit that the judgment debtor had property liable to execution which he refused to apply toward the satisfaction of the judgment, if believed by the court or judge, was sufficient to authorize the issuance of the orders complained·of, notwithstanding the attachment. What has been said respecting the attachment applies with equal force to the contention that the judgment debtor having suffi-. cient tangible property subject to execution by the sale of which the judgment might be satisfied renders the order requiring him to satisfy the same void.

7. It is insisted that the final order of April 4, 1898, requiring Downing to satisfy the judgment, was not based upon findings of fact competent to support it, but by invoking a disputable presumption that was not applicable thereto, thereby rendering said order void. It has just been decided in the case of *Hammer* v. *Downing,* 41 Or. — — (66 Pac. 916), in the proceedings supplemental to execution, that the order was erroneously issued; but this does not render it void. While a party cannot be punished for disobeying a void order (*Brown* v. *Moore,* 61 Cal. 432; *Ruhl* v. *Ruhl,* 24 W. Va. 279), the rule is universal that a voidable order must be obeyed until it has been set aside in a proper proceeding instituted or prosecuted for that purpose [*Ex parte Spencer,* 83 Cal. 460 (23 Pac. 395, 17 Am. St. Rep. 266); *In re Cohen,* 5 Cal. 494; *People* v. *O'Neil,* 47 Cal. 109; *Lutt* v. *Grimont,* 17 Ill. App. 308; *Keenan* v. *People,* 58 Ill. App. 241; *State* v. *Horner,* 16 Mo. App. 191; *Forrest* v. *Price,* 52 N. J. Eq. 16 (29 Atl. 215)]. Mr. Justice ALLEN, in *People* v. *Bergen,* 53 N. Y. 404, speaking of a similar order, said: "If it was improvidently or erroneously granted,

40 OR.—21.

the remedy of the party aggrieved was by application to vacate it or by appeal. It is not void, and it cannot be reviewed upon an application to punish for a disobedience of it. So long as it remains in force, the duty of all parties is to obey it, and the merits of the order are not reviewable.'' The want of jurisdiction, such as will justify the disobedience of an order of court, must be manifest from an inspection of the proceedings at their inception, and not such as develops during the hearing: *Ex parte Wimberly,* 57 Miss. 437; *Forrest* v. *Price,* 52 N. J. Eq. 16 (29 Atl. 215); *People* v. *Bergen,* 53 N. Y. 404. The court had jurisdiction of the proceedings supplemental to execution at their inception, and the issuance of a voidable order therein affords no justification for a disobedience thereof: Rapalje, Contempt, § 33.

8. It is contended that the court never acquired jurisdiction of the subject-matter of the contempt proceedings, because they were not instituted in the name of the proper party plaintiff, and hence the order imposing the fine and punishment is void. The statute prescribing the method of procedure in such cases provides as follows: ''In the proceeding for a contempt, the state is plaintiff. In all cases of public interest, the proceeding may be prosecuted by the district attorney, on behalf of the state; and in all cases where the proceeding is commenced upon the relation of a private party, such party shall be deemed a coplaintiff with the state'': Hill's Ann. Laws, § 655. A civil contempt is a disobedience by a party of the order of a court or judge, made for the benefit or advantage of another party to the proceedings: Rapalje, Contempt, § 21; *State* v. *Knight,* 3 S. D. 509 (54 N. W. 412, 44 Am. St. Rep. 809); *Welch* v. *Barber,* 52 Conn. 147 (52 Am. Rep. 567); *People ex rel.* v. *Court of Oyer and Terminer,* 101 N. Y. 245 (4 N. E. 259, 54 Am. Rep. 691); *Rawson* v. *Rawson,* 35 Ill. App. 505; *Ex parte Robertson,* 27 Tex. App. 628 (11 S. W. 669, 11 Am. St. Rep. 207). A criminal contempt consists in disrespect of the court or disobedience of its process, whereby the administration of justice is obstructed, or in any act or language of a person which tends to bring the court into dis-

respect: *State ex rel.* v. *Conn,* 37 Or. 596 (62 Pac. 289); *People ex rel.* v. *Court of Oyer and Terminer,* 101 N. Y. 245 (4 N. E. 259, 54 Am. Rep. 691); *Wyatt* v. *People,* 17 Colo. 252 (28 Pac. 961); *State* v. *Gilpin,* 1 Del. Ch. 25; *Ex parte Robertson,* 27 Tex. App. 628 (11 S. W. 669, 11 Am. St. Rep. 207); *Ruhl* v. *Ruhl,* 24 W. Va. 279; *In re Murphey,* 39 Wis. 286. In *Wyatt* v. *People,* 17 Colo. 252 (28 Pac. 961), Mr. Justice HELM, in speaking of the division of contempts, says: "The foregoing classification is not affected by the fact that the procedure is in most instances substantially the same, whether the contempt be civil or criminal; nor is the character of the contempt in this regard controlled by the character of the court in which it occurs. For centuries courts clothed with civil jurisdiction only have investigated and punished those contempts which are classified as criminal." It has been held that motions and affidavits for the attachment of the person in civil suits are proceedings on the civil side of the court until the writs for their apprehension issue, and are to be entitled with the names of the parties; but thereafter, when the question of contempt arises therein, the proceedings are on the criminal side: *United States* v. *Wayne,* 28 Fed. Cas. No. 16,654, Chancellor WALWORTH, in *Stafford* v. *Brown,* 4 Paige, 360, reaches the same conclusion on this subject, and says: "In proceedings for contempts which are strictly criminal, all the proceedings after the granting of the attachment or order to show cause, and including the order, should be in the name of the people. As there has been no uniform practice in this court as to the entitling of orders and proceedings to enforce the rights or remedies of parties to the cause, as between themselves, it cannot be irregular to entitle them either way." In *Freeman* v. *City of Huron,* 8 S. D. 435 (66 N. W. 928), it is held that a contempt proceeding for violating an order in an action may properly be entitled as in that action. This conclusion is based upon the observation of Mr. Justice HANEY that "we have no statute regulating the matter." Such is not the case in this state, and in our opinion contempt proceedings should be instituted, if criminal, in the name of the state; if

civil, as in the case at bar, in the name of the state, upon the relation of a private party: *Haight* v. *Lucia,* 36 Wis. 355. But the defect in this respect we do not consider fatal, for the statute provides that the court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party: Hill's Ann. Laws, § 101. Hammer was a proper party at the institution of the contempt proceedings, whereby jurisdiction of the subject-matter was secured; and under the liberal provision of the statute adverted to we think it apparent that the court had authority to permit, and was justified in allowing, the amendment.

9. It is maintained that, an appeal having been taken from the order of April 4, 1898, requiring Downing to satisfy the judgment, the proceedings supplemental to execution were stayed, and, this being so, the court had no jurisdiction of the contempt proceedings. The undertaking on the appeal from the final order requiring the judgment debtor to satisfy the judgment did not provide that, if the order appealed from were affirmed in whole or in part, Downing would satisfy the same; but it is argued by his counsel that a final order in proceedings supplemental to execution is not a judgment or decree for the recovery of money, or of personal property or the value thereof, within the meaning of the statute: Hill's Ann. Laws, § 538, subd. 1. Proceedings supplemental to execution are ancillary, and, as they cannot be instituted except in cases of a judgment against property, we think they are so closely connected with such judgment as to make the final order a part thereof, and render it necessary for the judgment debtor, in appealing therefrom, if he desire to stay the proceedings, to give an undertaking conditioned that he would satisfy the said order so far as affirmed, or to secure the court's order staying the proceedings. The court, in *People* v. *Bergen,* 53 N. Y. 404, speaking upon this subject, say: "Neither is it a defense in proceedings to punish for a contempt that an appeal has been taken from the order. If the proceedings have not been stayed, the party has a right to take every step for the enforce-

ment of his civil remedy that he might if no appeal was taken. In this case the proceedings are not stayed, but the relator has, by express permission of the court, the privilege of making such application under the order as his counsel may advise.''

10. It is insisted that the affidavit upon which the proceedings are based does not state facts sufficient to give the court jurisdiction of the subject-matter, and hence its order punishing the defendant for a contempt is void. The rule is well settled that, before a party can be brought into contempt for not complying with an order of court, such order must be served upon him and demand made by a party authorized to require him to comply therewith, or that he has personal knowledge or notice of such order: *Johnson* v. *San Francisco Superior Court,* 63 Cal. 578; *Hennessy* v. *Nicol,* 105 Cal. 138 (38 Pac. 649); *Bonner* v. *People,* 40 Ill. App. 628; *Lorton* v. *Seaman,* 9 Paige, 609; *Tebo* v. *Baker,* 77 N. Y. 33. The facts constituting contempt, when not committed in the presence of the court, must be shown by affidavit [Hill's Ann. Laws, § 653; *State* v. *Kaiser,* 20 Or. 50 (23 Pac. 964, 8 L. R. A. 584); *State ex rel.* v. *Conn,* 37 Or. 596 (62 Pac. 289)], and such affidavit must aver service of the order [*State* v. *Gilpin,* 1 Del. Ch. 25] and demand for the payment of the sum awarded by a person qualified to make the same [*Gray* v. *Cook,* 24 How. Prac. 432; *McComb* v. *Weaver,* 11 Hun, 271; *Edison* v. *Edison,* 56 Mich. 185 (22 N. W. 264)]. An examination of the affidavit will disclose that it is defective in these particulars. The answer, however, admits the issuance of the order of April 4, 1898, and thereby cures the defect in the affidavit: *Papke* v. *Papke,* 30 Minn. 260 (15 N. W. 117); *People ex rel.* v. *Court of Sessions of Albany County,* 147 N. Y. 290 (41 N. E. 700).

11. It is maintained that the evidence demonstrates that it was impossible for Downing to comply with the order of April 4, 1898, and, this being so, he could not be guilty of contempt. At the time he was cited to appear to show why he should not be fined for a contempt, he testified as follows: ''I have not had in my possession or under my control $10,000 lawful money of the United States since the fourth day of April,

1898. I have not in my possession nor under my control at this time $10,000 lawful money of the United States.'' It will be remembered that the judgment rendered against him and his partner was for the sum of $7,817.50, and interest and costs, and, while he may not have had in his possession or under his control the sum of $10,000, he may have had a sufficient sum to satisfy the judgment; for his testimony is a negative pregnant, admitting the possession of a sum of money less than $10,000.

It is maintained that the judgment was erroneous, because based upon answers to questions propounded to Downing upon his cross-examination, tending to discover property other than the $10,000 specified in the finding. His answers to the questions propounded on cross-examination were probably brought out to show his ability to comply with the order, and as a basis for determining the fine that should be imposed for disobedience thereof if he was able to comply therewith.

12. Other errors are assigned, but we do not think they are of sufficient importance to require consideration. The judgment in the case of *Hammer* v. *Downing,* upon which these proceedings were based, has been reversed [*Hammer* v. *Downing,* 39 Or. 504 (64 Pac. 651)], so that the defendant cannot be incarcerated thereunder until he pays the sum required, thus leaving the fine only to be enforced. It follows that the order is affirmed.                          AFFIRMED.